# MELANIA PAITEL DE MORSOMME
## *v.*
# MUNICIPALITY OF YAUCO.

---

Ponce, Law, No. 223.

1. Mere sympathy for the injured person is not a sufficient basis for a judgment in her favor.

2. Negligence on the part of a municipality in the care of its streets will make it liable in damages to persons injured because thereof.

3. If plaintiff, by the exercise of reasonable care, or previous knowledge of the locality, could have avoided the injury, she cannot recover.

4. Municipalities are held only to the exercise of reasonable care in the construction, maintenance, and lighting of their streets.

5. Contributory negligence on the part of plaintiff, which is the proximate cause of the injury received, will defeat recovery.

Case tried January 18, 1908.

---

*Attorney General of Porto Rico,* for defendant.

*Mr. Harry P. Leake,* attorney for complainant.

Instructions by RODEY, Judge:

The facts in this case are sufficiently set out in the instructions, and can be found in more detail in an opinion of the court denying a motion for a new trial.   See 3 Porto Rico Fed. Rep. 405.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

The plaintiff in this case sues the municipality of Yauco on account of personal injuries which she alleges she sustained by its negligence, and asks damages in the sum of $10,000 and costs.   She alleges in her complaint that, on the 3d day of February, 1907, the defendant municipality negligently and knowingly permitted a deep gutter to run along the west side of Baldorioty street, within its corporate limits, along the sidewalk, without guard rails or other protection at the sides of the same

Paitel de Morsommé v. Yauco.

to secure the safety of passers-by, and that, by reason of this fact, and without any fault of her own, and while she was exercising proper care, because of the lack of guard rails and street lights at the place indicated, and because of the darkness, she fell into this gutter and sustained serious injuries.

The facts appear to be about as follows:

That the plaintiff attended services at the Baptist church on the street in question on the evening of February 3, 1907.

That she went down the left-hand stairway from the door of the church at the conclusion of the services, and probably walked some little distance to the left on the sidewalk, or out on the sidewalk; but of this your own recollection is what governs, and not what the court or counsel may say about it; that then she turned or started to turn around with the intention of passing back in front of the church outside the stairway to go to the casino or club with her daughter and her grandchild, who were with her.

The court instructs you that the mere fact that this lady may have been seriously injured, and that the facts and circumstances of the case show that she is entitled to all good people's sympathy, is no reason why you, as jurors, should render any verdict in her favor against this defendant, unless a preponderance of the evidence shows you, in the light of these instructions, that the municipality, by its negligence, caused the damage and injury to her, and without contributory negligence upon her part. In other words, you have no right, under your oaths, to return any verdict for her in response to her mere misfortune or your own natural sympathy in the premises.

But, on the other hand, if you believe, from a preponderance of the evidence, that the defendant municipality was guilty of

such negligence as that the same was the proximate cause of her injury, then you should find a verdict in her favor, and assess her damages at such sum as you may believe to be reasonable under the evidence and all the circumstances in the case, within the limit of $10,000, which she has claimed in her complaint; and, in estimating any damages that you may, from a preponderance of the evidence and under these instructions, believe her entitled to, you may take into account the extent of her bodily injury, her mental pain and suffering, her earning capacity, her age, the permanent or temporary character of the injury, the cost and expense she has been put to in procuring medicines, paying physicians and surgeons, and for nursing, etc.

You are instructed that, if you believe, from a preponderance of the evidence, that the injury to the plaintiff was the result of a mere accident by her tripping and falling on the sidewalk, and that the sidewalk was in reasonably good condition at the time, then the fact that her fall may in fact have resulted in severe injury to her does not render the municipality liable, and you should find for the defendant.

If you believe, from a preponderance of the evidence, that the existence of the ditch in question or the lack of light had nothing to do with, and in no manner contributed to, the fact of plaintiff's tripping and falling, and further believe that the sidewalk was in reasonably good condition, then you should find for the defendant, because it is not liable for the injury to the plaintiff.

If you believe, from a preponderance of the evidence, that the plaintiff was well acquainted with the region in question, and knew of the existence of this ditch, and further believe that the street in question was reasonably well lighted on the

Paitel de Morsommé v. Yauco.

night in question, and that the plaintiff, by the exercise of ordinary care, could have avoided any injury to herself, then she is not entitled to recover, and you should find for the defendant.

If, on the contrary, you believe, from a preponderance of the evidence, that the street in question was not well lighted on the night in question, and that the plaintiff had no knowledge of the existence of this ditch, and that, in consequence of the existence of such ditch, or of poor light, or either or both, she fell and was injured without any fault on her own part, then she would be entitled to recover, and you should find in her favor and assess her damages as aforesaid in such sum as you may deem to be reasonable.

You are instructed that municipalities are not insurers of the lives and limbs of their citizens, and the only burden that is upon them is to exercise reasonable and ordinary care in the construction of their streets and in the maintenance and lighting of the same so as not to expose their citizens to unusual risk or danger; and even though a municipality may be negligent in the construction of its streets or sidewalks, still it is not liable to citizens for injuries occurring thereon if such citizens are guilty of contributory negligence leading up to the injury, but such contributory negligence must be the proximate cause of the injury. Therefore, if you believe, from a preponderance of the evidence, that the sidewalk in question was in reasonably fair condition, and that the existence of the ditch had nothing to do with the falling or the injury of the plaintiff, then she is not entitled to recover, and you should find for the defendant.

You are further instructed that, if you are of opinion that it was negligence on the part of the municipality to permit such a ditch to remain open in the way the evidence shows it to have

IV. PORTO RICO—7.

Paitel de Morsommé v. Yauco.

been left open, still, unless that fact, coupled with any lack of light which you may believe, from a preponderance of the evidence, was the fact, was the proximate cause of the injury, you should find for the defendant. And, on the contrary, if you believe the same was the proximate cause of the injury, you should find for the plaintiff, and assess her damages within the limits aforesaid.

Verdict for the defendant.